IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ERIC HELLAMS, JR.,** | * | |
| | * | Criminal No. RWT-10-0303 |
| Petitioner, | * | Civil No. RWT-13-03456 |
| | * | |
| v. | * | Criminal No. RWT-10-0304 |
| | * | Civil No. RWT-13-02752 |
| **UNITED STATES OF AMERICA,** | * | Civil No. RWT-13-03457 |
| | * | |
| Respondent. | * | |
| | * | |

**MEMORANDUM OPINION AND ORDER**

This matter arises out of two separate cases. First, Petitioner Eric Hellams was charged in a drug conspiracy and money laundering case in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1956(a)(1)(B)(i). Second, Petitioner was charged in a mail fraud case in violation of 18 U.S.C. § 1349. Pending before the Court are three § 2255 motions to vacate, set aside, or correct sentence—all of which make the same legal arguments and claims regarding ineffective assistance of counsel, and all of which the Court shall address herein. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons presented below, the Court denies all three motions.

**BACKGROUND**

The Government brought charges against Petitioner in two separate criminal complaints. First, on April 8, 2010, the Government charged Petitioner with conspiracy to distribute and possess one kilogram or more of heroin in violation of 21 U.S.C. § 846 and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i), pursuant to which the Court issued an arrest warrant. RWT-10-cr-0304, at ECF Nos. 1, 2. Second, four days later on April 12, 2010, the Government charged Petitioner with one count of conspiracy to commit wire fraud in violation of

18 U.S.C. § 1349, pursuant to which the Court issued a second arrest warrant.  RWT-10-cr-0303, at ECF Nos. 1, 3.  A grand jury indicted Petitioner on the charges in both criminal complaints on June 7, 2010.  RWT-10-cr-0304, at ECF No. 24; RWT-10-cr-0303, at ECF No. 13.

On June 6, 2011, the Government filed a superseding indictment seeking enhanced penalties on the first charging document, adding one count of distribution of one hundred grams or more of heroin in violation of 21 U.S.C. § 841(a) and four counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  RWT-10-cr-0304, at ECF No. 91.  On July 5, 2011, the Government filed a superseding information on the first charging document, further amending the charges to one count of conspiracy to distribute and possess one hundred grams or more of heroin in violation of 21 U.S.C. § 846 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  *Id.* at ECF No. 98.  No changes were made to the second charging document regarding mail fraud.  *See* RWT-10-cr-0303, at ECF No. 13.

The Government offered Petitioner a plea agreement that included both of his pending criminal cases.  *See* RWT-10-cr-0304, at ECF No. 103.  With respect to RWT-10-cr-0304, Petitioner waived indictment and pled guilty to conspiracy to distribute and possess one hundred grams or more of heroin in violation of 21 U.S.C. § 846 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).  *Id*.  With respect to RWT-10-cr-0303, Petitioner pled guilty to the sole count of mail fraud in violation of 18 U.S.C. § 1349.  *Id.*  On October 12, 2011, the Court sentenced Petitioner to 121 months of incarceration, five years of supervised release, $107,590.74 in restitution, and a $300 mandatory assessment fee.  *Id.* at ECF No. 124, p.61.  Petitioner filed an appeal on October 14, 2011, and the Fourth Circuit affirmed his conviction on September 14, 2012.  *Id.* at ECF Nos. 117, 125.

On September 18, 2013, Petitioner filed his first § 2255 motion.  *Id.* at ECF No. 126.  A

little over a week later, the Court confirmed receipt of Petitioner's motion and the Clerk of the Court opened the action under RWT-13-cv-02752. The Court, being uncertain which criminal case Petitioner intended to address, RWT-10-cr-0303 or RWT-10-cr-0304,[1] issued an Order advising Petitioner that it would construe his first § 2255 motion as related only to RWT-10-cr-0304 and instructing Petitioner to file a separate § 2255 motion as to RWT-10-cr-0303. *See* RWT-10-cr-0304, at ECF No. 127. On November 18, 2013, Petitioner filed a second § 2255 motion that this Court has construed as a consolidated motion for both criminal cases, and which the Clerk of the Court opened under two new civil actions, RWT-13-cv-03456 and RWT-13-cv-03457.[2] On February 18, 2014, the Government submitted a consolidated response that addresses all of Petitioner's § 2255 motions.[3]

## DISCUSSION

Under 28 U.S.C. § 2255, Petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. In his § 2255 motions, Petitioner raises claims of ineffective assistance of counsel that this Court will deny for failure to

---

[1] In Petitioner's first § 2255 motion, there were references to both criminal cases but the majority of the motion referred to RWT-10-cr-0304. *See* RWT-10-cr-0304, ECF No. 127.

[2] As a result of the consolidated plea agreement, sentencing, and § 2255 filings by both parties, there are three outstanding civil actions collectively related to two criminal cases to be addressed in this memorandum opinion and order: RWT-13-cv-3456 (related to RWT-10-cr-0303), and RWT-13-2752 and RWT-13-cv-3457 (related to RWT-10-cr-0304).

[3] The Government does not reference all three civil cases, stating only that its opposition memorandum is a consolidated response to RWT-13-cv-2752 and RWT-13-cv-3457. The Court shall, nonetheless, construe its opposition memorandum to also encompass RWT-13-cv-3456, as it is identical to RWT-13-cv-3457.

pass the *Strickland* test, the presentation of contradictory statements, and the assertion of irrelevant sentencing enhancements and case law.

I. **Petitioner's claim for ineffective assistance of counsel fails because he cannot show either that counsel's performance was deficient or that he was prejudiced.**

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the performance prong, the petitioner must show that counsel's performance was deficient. *Id.* "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689; *see also United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). The alleged deficient performance must be objectively unreasonable and "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed to the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 689. The Court must evaluate the conduct at issue from counsel's perspective at the time, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Under the prejudice prong, the petitioner must show that the deficient performance prejudiced the defense, and but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694. Unless the petitioner makes both showings, the Court cannot find that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Id.* at 669. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Id.* at 697.

Petitioner argues that counsel was ineffective because he did not accept the Government's plea offer knowingly and voluntarily and his counsel breached the attorney-client

privilege. Petitioner's arguments fail for lack of evidence and due to the presentation of allegations that contradict his sworn statements.

### A. Petitioner's statements during the Rule 11 hearing preclude consideration for ineffective assistance of counsel.

Petitioner claims his counsel was ineffective because he misrepresented the strength of the Government's case and thus led him to feel pressured to plead guilty. RWT-10-cr-0304, at ECF No. 130. Specifically, Petitioner expressed concerns to his counsel that the Government had not produced all discovery materials. To address Petitioner's concerns, defense counsel filed a letter with the Court indicating that Petitioner had ongoing concerns about the production of discovery materials. *Id*. at ECF No. 96. In the letter, his counsel also stated that he had explained the Government's case to, and reviewed discovery evidence with, Petitioner. *Id*.

Generally, when the record demonstrates that a petitioner before the Court on a § 2255 petition previously stated he was satisfied with his counsel's representation, for instance during a Rule 11 hearing, and clearly states he accepted a plea agreement knowingly and voluntarily, Petitioner faces a high burden in seeking to vacate his sentence. "In the absence of extraordinary circumstances, allegations in a [§ 2255] motion that directly contradict Petitioner's sworn statements made during a properly conducted [Rule 11] colloquy are always palpably incredible and patently frivolous or false. Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a [Rule 11] colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any [§ 2255] motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005); *see also*, *Zhan Gao v. United States*, 375 F. Supp. 2d 456, 464 (E.D. Va. 2005).

Petitioner, like the defendant in *Lemaster*, affirmed that he had discussed the terms of the

plea agreement with his attorney, that he was voluntarily entering his guilty plea, and that he had not been coerced, threatened, or promised anything in exchange for his guilty plea. *See* 403 F.3d at 216; *see also* RWT-10-cr-0304, at ECF No. 124, p.37. Likewise, as in *Zhan Gao*, the Court conducted an extensive colloquy with Petitioner to ensure that his guilty plea was knowingly and voluntarily given, and to ascertain whether he understood the nature of charges against him and the consequences of accepting the Government's offer. *See* 375 F. Supp. 2d at 464; *see also* RWT-10-cr-0304, at ECF No. 124, p.37. The Court is satisfied that this acknowledgement, in addition to Petitioner's stated approval of counsel's representation at the Rule 11 hearing, is sufficient to establish that the representation by his counsel was not objectively unreasonable.

### B. Petitioner's claim that his counsel breached the attorney-client privilege is baseless and unsupported.

Petitioner asserts that his counsel breached the attorney-client privilege. But, Petitioner provides very few details regarding this alleged breach, simply stating that defense counsel mentioned to the Government "an incident that occurred in 2010" that resulted in the Government seeking enhanced penalties under 21 U.S.C. § 851(a). RWT-10-cr-0304, at ECF No. 126, p.5. In *United States v. Dyess*, the Fourth Circuit expressly held that "vague and conclusory allegations contained in a § 2255 motion may be disposed of without further investigation by the District Court [. . .] conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." 730 F.3d 354, 359 (2013).

Petitioner's claim is extremely vague. Completely absent in the record is any mention of an "incident that occurred in 2010," aside from the execution of the search warrant pursuant to the first charging document in this matter. RWT-10-cr-0304, at ECF 103. As a result, Petitioner's claim that his counsel breached the attorney-client privilege by passing knowledge of

an unidentified incident that occurred at some time during 2010 to the Government is baseless and unsupported.

**II.     The record contradicts Petitioner's claim that he received an improper recency enhancement during sentencing.**

Petitioner claims that he received an improper recency enhancement at his sentencing hearing.  RWT-10-cr-0304, at ECF No. 126.  Petitioner is mistaken, as the Court did not make a recency enhancement in the calculation of his sentence.  Under the recency provision of the Federal Sentencing Guidelines, points would be added to a defendant's criminal history score if he committed the offense less than two years following release from confinement.  U.S. Sentencing Commission, *Computation of 'Recency' Criminal History Points Under USSG § 4A1.1(e)*, at 1 (Aug. 2010).  On November 1, 2010, the United States Sentencing Commission eliminated the consideration of recency points in sentencing.  *Id*.

Petitioner is incorrect—the Court did not add a recency enhancement to his base offense level.  The plea agreement, Rule 11 hearing, and sentencing hearing make clear that Petitioner's base offense level was correctly calculated as 32.  RWT-10-cr-0304, at ECF Nos. 103, 123, 124.  In accordance with his plea agreement, the Government recommended a 3-level reduction in his offense level to 29.  *Id*. at ECF No. 103.  In fact, the Court noted that with Petitioner's criminal history, the Government could have sought a higher sentence by asking the Court to impose a sentence on the higher end of the sentencing guideline range, rather than the lower end, as the Court did in this case.  *Id.* at ECF No. 124, p.65.  Accordingly, the record contradicts Petitioner's claim that he received an improper recency enhancement during sentencing.

**III.     The Court's sentencing determination was proper, as *Alleyne v. United States* does not apply to Petitioner's case.**

Petitioner incorrectly asserts that he is entitled to relief under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). RWT-10-cr-0304, at ECF No. 130. *Alleyne* held that "facts that increase mandatory minimum sentences must be submitted to the jury." 133 S. Ct. at 2163. Facts that affect only sentencing guideline calculations do not need to be submitted to a jury. *See id.* ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury."). Here, *Alleyne* is inapplicable because this Court's sentencing determination did not increase the mandatory minimum or maximum sentence Petitioner faced; rather, it affected the advisory sentencing guideline range, which this Court considered but was not bound to adhere to when imposing a sentence. *See* RWT-10-cr-0304, at ECF Nos. 123, 124. In accordance with Petitioner's plea agreement, the Court granted a 3-level reduction in his offense level to 29 and imposed a sentence at the low end of the resulting sentencing guideline range. *Id.* at ECF Nos. 103, 115. Factual determinations affecting Petitioner's offense level and criminal history category were properly left to the Court under *United States v. Booker*, 543 U.S. 220 (2005). Petitioner's sentence was not contrary to *Alleyne*.

## CERTIFICATE OF APPEALABILITY

Petitioner may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c) (2012); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*,

322 Fed. Appx. 296, 297 (4th Cir. 2009). This Court has assessed the claims in Petitioner's motions to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Petitioner's claims, and thus no certificate of appealability shall issue.

## CONCLUSION

The Court finds that Petitioner's claims of ineffective assistance do not satisfy the clear and convincing standard required for this Court to disregard representations he made under oath during his plea hearing, and that even if they did, all of Petitioner's claims are without merit under the *Strickland* test. Petitioner's motions will be denied and no certificate of appealability shall issue. Accordingly, it is, this 14th day of August, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (RWT-10-cr-0303, at ECF No. 64; RWT-10-cr-0304, at ECF Nos. 126, 130) are hereby **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT BE ISSUED**; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close Civil Action Nos. RWT-13-3456, RWT-13-2752, and RWT-13-3457.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE